844 July 29, 2026 No. 719

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Marriage of

Ibrahim A. IBRAHIM,
*Petitioner-Respondent,*
*and*

Mona M. EL-HABASHY,
*Respondent-Appellant.*

Benton County Circuit Court
23DR10646; A184338

Locke A. Williams, Judge.

Argued and submitted August 13, 2025.

Nadia H. Dahab argued the cause for appellant. Also on the brief was Sugerman Dahab.

No appearance for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

SHORR, P. J.

Reversed and remanded.

**SHORR, P. J.**

Wife appeals from an order denying her motion to set aside a default judgment that dissolved her marriage with husband and awarded him certain real property. Wife contends that the trial court erred in denying her motion to set aside because the dissolution judgment was void as it was obtained despite wife never having been served with a summons. Husband does not appear on appeal. Because we agree with wife that the dissolution judgment was void for the reason that she contends, we reverse the trial court's denial of her motion to set aside the default judgment and remand to the trial court for further proceedings.

The procedural facts necessary to understand this nonprecedential opinion are few. Husband was unsuccessful in trying to serve wife in person with his petition for dissolution of marriage and a summons. He obtained an order from the trial court allowing for alternative electronic service. Husband completed and returned a certificate of service indicating that he had served his petition on wife and something he labeled "Court Service Paper – Divorce Filing." The box indicating service of the actual Summons with the notice to appear was not checked. Significantly, there was no return of the served summons filed with the trial court, and we cannot find any return of summons in the trial court docket. *See* ORCP 7 F(1) (stating that the summons "shall be promptly returned to the clerk *** with proof of service").[1] Husband then moved for and obtained an order of default and a default judgment against wife.[2]

After the entry of the default judgment, wife then moved to set aside the judgment because, among other reasons, she contended that the judgment was void under ORCP 71 B. The trial court denied wife's motion without further explanation. Wife timely appeals from the order denying her motion to set aside.

---

[1] With an exception for small claims courts, the Oregon Rules of Civil Procedure govern practice and procedure in all circuit courts for all civil actions, including those in equity. ORCP 1 A; *see also Adams and Adams*, 173 Or App 242, 21 P3d 171 (2001) (applying the rules to a dissolution matter).

[2] Husband's motion represented, inaccurately according to his own documents on file, that he had served both the summons and petition.

We reverse. Under ORCP 71 B(1)(d), a court may relieve a party from a judgment because the judgment is "void." Proper service of a summons "is a prerequisite to a court obtaining effective personal jurisdiction over a party." *South State Inv. Co. v. Brigum*, 43 Or App 273, 277, 602 P2d 1084 (1979), *aff'd*, 289 Or 109, 611 P2d 305 (1980). A trial court must set aside a default judgment that is void for lack of personal jurisdiction. *Estate of Selmar A. Hutchins v. Fargo*, 188 Or App 462, 469-70, 72 P3d 638 (2003) (concluding that it is an abuse of discretion for a trial court not to set aside a void judgment under ORCP 71 B(1)(d) because such judgments are a "nullity" from the outset and must be set aside). Applying that law here, the trial court erred in not setting aside the default judgment because that judgment was void as a result of husband's failure to serve wife with the summons.

Reversed and remanded.